IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                                        : CASE NO.  1:09 CV 377
STEPHAN S. TOLDY,                                       :
                                                        :
                                     Plaintiff,         : <u>MEMORANDUM OF OPINION AND</u>
                                                        : <u>ORDER DENYING THE MOVANTS'</u>
              -vs-                                      : <u>MOTION TO INTERVENE AND</u>
                                                        : <u>DENYING THE MOVANTS' MOTION</u>
                                                        : <u>TO STRIKE</u>
FIFTH THIRD MORTGAGE COMPANY,                           :
et al,                                                  :
                                     Defendant.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The plaintiff, Stephan S. Toldy, brought this one-count class action lawsuit alleging violations of the Real Estate Settlement Procedures Act ("RESPA").  The defendants Fifth Third Mortgage Company ("Fifth Third") and Vista Settlement Services, LLC, ("Vista") have filed for summary judgment.[1]  This matter comes before the Court on a motion to intervene and a motion to strike filed by non-parties Jill and Patrick Powers ("the Powers").  (Docs. 28, 29).  The Powers, who filed a similar class action RESPA suit against Fifth Third, Vista, and two other defendants, wish to intervene so that they might strike portions of defendants' motion for summary judgment in <u>Toldy</u>, which they believe are superfluous to the present case but integral to their own.  (Docs.

---

[1] The defendants' motion for summary judgment is ripe for consideration.  An order ruling on that motion is entered contemporaneously herewith.

28, 29). The defendants have filed responses in opposition (Docs. 33, 34), and the Powers have replied. (Docs. 40, 41). Plaintiff Stephan S. Toldy has also filed a reply. (Doc. 36). For the reasons that follow, the Court will deny the Powers' motions.

### I. Background

*a. Toldy v. Fifth Third*

In January 2008, the plaintiff Stephan S. Toldy applied for and obtained a mortgage loan with the defendant Fifth Third. (Doc. 21-7, p. 12). The title search and title insurance work related to this loan were referred by Fifth Third to an affiliated business entity, defendant Vista. (Doc. 21-7, p. 18-20). In his one-count class action complaint, Mr. Toldy alleges that Fifth Third's referral of the settlement work to Vista amounts to a violation of Section 8(a) of RESPA, 12 U.S.C. § 2607(a). (Doc. 1). The defendants filed an answer on 10 April 2009, denying Mr. Toldy's substantive allegations. (Doc. 7).

The suit moved along largely without a hitch, and the parties completed discovery on 31 July 2009, which included written discovery and a number of depositions. After two extensions of time, the defendants filed an extensively briefed motion for summary judgment on 28 September 2009. The disposition of that motion depends on (1) whether the defendants took actions amounting to a violation of Section 8(a) of RESPA and (2) whether the defendants can satisfy RESPA's safe harbor

provisions under Section 8(c).  (Doc. 21).  Mr. Toldy has opposed the motion (Doc. 27), and the defendants submitted a reply brief. (Doc. 31).

*Powers v. Fifth Third and the Powers' motion to intervene*

A few weeks before the defendants filed for summary judgment in Toldy, the Powers filed an independent class action complaint against Fifth Third, Vista, and various affiliated business entities, also alleging violations of RESPA.  (See Powers v. Fifth Third Mortgage Company, et al, 09-cv-2059, (N.D. Ohio filed 3 September 2009) (hereinafter "Powers")).  In addition to alleged violations of Section 8(a), the Powers pled Section 8(b) violations as well.  (Powers, Doc. 1, ¶¶75-98).  After the defendants filed for summary judgment and Mr. Toldy filed a response, the Powers motioned the Court to intervene in this case as a matter of right pursuant to Federal Rule 24(a) or, in the alternative, permissively under Rule 24(b).

The purpose of the Powers' requested intervention is "to strike the gratuitous and extraneous grounds for summary judgment in the defendants' Motion for Summary Judgment." (Doc. 28-1, p. 2).  The Powers maintain that the defendants' motion in the present case improperly addresses facts and legal issues bearing directly on the Powers' own lawsuit, which are superfluous to the allegations in Mr. Toldy's case.  (Doc. 28-1).  In particular, the Powers move to strike discussion of the following legal issues from the defendants' supporting brief: (1) that Fifth Third Mortgage, and not Vista, paid any bonuses or kickbacks to Fifth Third Mortgage Loan officers; (2) that such bonuses or kickbacks to Fifth Third Mortgage loan officers are legal; and (3) that the defendants

3

did not require the use of Vista.  (Doc. 29-1, p. 3).  The Powers argue that because these issues are extraneous to Toldy and central to their own, the Court should excise them.

### II. Federal Rule 24

Third parties who seek to intervene in an action in federal court must proceed according to Rule 24 of the Federal Rules of Civil Procedure.  Rule 24 outlines two different avenues by which a court can allow an outsider to intervene: intervention of right and permissive intervention.  In pertinent part, the rule is as follows:

Rule 24. Intervention

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: * * * (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention. (1) In General. On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact. . . . (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

**II. Law and Analysis**[2]

    **A. Intervention as of Right under Federal Rule 24(a)(2)**

The Powers must be allowed to intervene as of right pursuant to Federal Rule 24(a)(2), if they can show: (1) the timeliness of their application to intervene, (2) their substantial legal interest in the case, (3) impairment of their ability to protect that interest in the absence of an intervention, and (4) inadequate representation of that interest by parties already before the court.  U.S. v. Tennessee, 260 F.3d 587, 591-592 (6th Cir.

---

[2] It is questionable whether the Powers' stated purpose for intervening is at all permissible under Federal Rule 24.  In the typical case, intervention under Rule 24(a)(2) allows a third party with an interest in the property or transaction involved in the action to enter the suit and litigate it on the merits as a party.  See Missouri-Kansas Pipe Line Co. v. U.S., 312 U.S. 502, 506 (1941)(the conventional form of intervention [involves] "an appeal [ ] to the court's good sense to allow persons having a common interest with the formal parties to enforce the common interest with their individual emphasis").  Federal courts allow such an intervention, "with the apparent goal of disposing of related controversies together." EEOC v. Nat'l Children's Center, Inc., 146 F.3d 1042, 1045 (citing Diamond v. Charles, 476 U.S. 54, 76 (1986)(O'Connor, J., concurring)).

Federal courts also allow intervention for more limited purposes, as the Powers point out.  For example, in E.E.O.C. v. National Children's Center, Inc., the D.C. Circuit allowed a newspaper's intervention, after final judgment, for the purpose of acquiring access to sealed documents.  Nat'l Children's Ctr., 146 F.3d 1042 (D.C. Cir. 1998).  In a similar case, the Seventh Circuit held that the public interest in open access to court documents was an adequate justification for allowing a newspaper to intervene and challenge a protective order.  Jessup v. Luther, 227 F.3d 993 (7th Cir. 2000).

The Powers maintain that their request qualifies as the sort of limited purpose intervention that was approved in these cases.  (Doc. 28-1 at 2).  However, in this Court's view, the purpose for which the Powers seek intervention bears none of the characteristics of these cases.  The Powers, in essence, wish to step into the present case, which was filed eight months before their own, dismantle the defendants' motion for summary judgment, and abscond with the arguments they feel entitled.  The public interest justification present in Jessup and National Children's Center does not exist here, and the Powers provide no other case law supporting an intervention of this nature.  However, rigid construction of Rule 24 is to be avoided.  See Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 505-06 (1941).  Nonetheless, as discussed below, inasmuch as the sort of intervention proposed by the Powers may be permitted under Rule 24, the facts of this case do not give rise to such an entitlement either as of right or permissively.

5

2001).  A failure to meet any one of these elements will result in a denial of the Powers' motion.

*1. The Timeliness of the Powers' Motion to Intervene*

In the Sixth Circuit, "[t]he determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990).   Consideration of several factors is required when determining whether a request for intervention is timely: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.  Id. (citing Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989)).

*a. The Point to Which the Suit has Progressed*

In deciding a motion to intervene, a court should look to the progress of the case and investment of resources in the litigation of the case prior to the motion to intervene. See Midwest Realty Management Co. v. City of Beavercreek, 93 Fed. Appx. 782, 2004 WL 604092 (6th Cir. March 22, 2004).  Mr. Toldy's suit is at an advanced stage procedurally and it appears that the parties have invested considerable resources.

6

While only eleven months elapsed between the filing of Mr. Toldy's complaint and the Powers' motion to intervene, much has happened in that time. The defendants answered; the Court held a case management conference; the parties completed discovery, which included paper discovery and a number of depositions; the defendants filed an extensively researched motion for summary judgment, which is ripe for decision; and Mr. Toldy filed his own heavily researched brief in opposition. Clearly, the Powers' intervention comes at the eleventh hour. The Court, accordingly, finds that this factor weighs against the timeliness of the Powers' intervention.

> *b. The Purpose for Which the Powers Seek Intervention and the Length of Time Preceding the Application during which the Proposed Intervenor Knew or Reasonably should have Known of his Interest in the Case*

The "purposes of intervention" component of the timeliness element normally examines only whether the lack of an earlier motion to intervene should be excused, given the proposed intervenor's purpose-for example, when the proposed intervenor seeks to intervene late in the litigation to ensure an appeal. Stupak-Thrall v. Glickman, 226 F.3d 467, 479 n. 15 (6th Cir. 2000)(citing Triax Co. v. TRW, Inc., 724 F.2d 1224, 1228 (6th Cir.1984).

The Powers wish to intervene in the present case so that they might have the opportunity to challenge portions of the defendants' motion for summary judgment which they believe are superfluous to Mr. Toldy's lawsuit. They maintain that the defendants are attempting to surreptitiously litigate issues that are not a part of Mr. Toldy's case but are instead a part of their own, in order to effectively "kill two birds with

7

one stone." (Doc. 28-1, pp. 1-2; Doc. 29-1, p. 4).  The Powers seem to be concerned that adjudication of the Toldy suit, as the defendants have presented it in their motion for summary judgment, would adversely affect their own by *res judicata*.  (Doc. 28-1).  If the Powers' motions are well-taken, they seek immediate dismissal from the present action.  (Doc. 28-1, p.2)

Therefore, so the Powers seem to suggest, under the "purposes of intervention" factor, the Court should forgive their failure to file for intervention at an earlier date, since, clearly, they could not have filed their motion to intervene for the purpose of striking portions of the defendants' motion for summary judgment until after the defendants' motion was actually filed.  While this may be true, they have not explained why they waited nearly two months to request intervention following the defendants' motion, while Mr. Toldy undoubtedly expended significant resources preparing his response, and the defendants their reply.

Nor do the Powers explain why they did not seek involvement in this case at some point prior to the filing of the defendants' motion when they might have intervened in a more conventional and less intrusive way.  By the time the defendants filed their motion for summary judgment, the Powers had been on notice of Mr. Toldy's similar lawsuit for seven months, during which time they did nothing.  Instead of attempting to protect whatever interest they might have in the outcome of this lawsuit through a conventional intervention, they have woven a tangled and unusual procedural web

8

between their case and Mr. Toldy's.  Therefore, both the second and third factors weigh against allowing intervention.

### c. Prejudice to the Original Parties

Allowing the Powers to intervene so that they might attempt to dismantle the defendants motion is undeniably prejudicial.  An intervention by a non-party to challenge the grounds upon which the defendants have moved for summary judgment, without any evidence that they are somehow acting properly, would be an unprecedented expansion of the right of intervention under Rule 24.

Under Federal Rule 56, the defendants are entitled to motion the Court for summary judgment based on the claims made in the complaint and the facts as they were brought to light in discovery.  There is no evidence, other than the Powers' unsubstantiated claim, that the defendants filed their summary judgment motion in order to somehow improperly "kill two birds with one stone."  Further, there is no evidence that the three issues the Powers wish to strike are not based on facts properly discovered in the instant litigation.  It is patently obvious that it would be highly prejudicial to both the defendants and Mr. Toldy to allow the Powers the opportunity to selectively challenge portions of the defendants motion which potentially bear on the outcome of the case, especially given the many months of discovery, research, and briefing that preceded it. It is simply a fact of the American judicial process that prior filed cases will sometimes have a *res judicata* effect on those filed later.  The Powers may not avoid this possibility through the means they have chosen.

9

Finally, there are no unusual circumstances that would warrant intervention in this instance. Therefore, because all five factors weigh against finding timely intervention under Rule 24(a), the Court will not allow it.

**B. Permissive Intervention under Federal Rule 24(b)**

The Powers are not entitled to permissively intervene either. Rule 24(b) allows permissive intervention, in the court's discretion, by any party sharing a common question of law or fact with the main action. The Powers' case appears to overlap with Toldy in terms of fact and law. However, granting the their motion would not fulfill the purpose of Rule 24, which is to prevent a multiplicity of suits where such common questions exist. Wash. Elec. Co-op, Inc. v. Mass. Municipal Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990). The Powers' objective is not to draw the separate controversies into a single action, but to step in just long enough to take possession of legal arguments properly advanced in the present action. Further, as already discussed, obliging the Powers would result in undue delay and prejudice to Mr. Toldy and the defendants.

**III. Conclusion**

For the foregoing reasons, the Powers' motion to intervene is denied. Their motion to strike is denied as moot.

IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 29 June 2010

11