IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHAN S. TOLDY, | ) | CASE NO. 1:09 CV 377 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| FIFTH THIRD MORTGAGE COMPANY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is a motion[2] by Stephan S. Toldy under Rule 23 of the Federal Rules of Civil Procedure to certify a plaintiff class in his civil action against Fifth Third Mortgage Company and Vista Settlement Services LLC,[3] a suit to enforce Section 8(a) of the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a). The defendants have responded in opposition to the motion,[4] to which Toldy has filed a reply.[5] For the reasons that follow, I will recommend denying the motion to certify a class.

---

[1] ECF # 74.

[2] ECF # 57.

[3] ECF # 1.

[4] ECF # 63.

[5] ECF # 67.

## Background

**A. Underlying claim**

This Court stated the facts underlying Toldy's claim in its opinion denying the defendants' motion for summary judgment.[6]

Fifth Third is a mortgage lender that refinanced a residential mortgage loan for Toldy in 2008.[7] In the course of that transaction, Fifth Third referred Toldy to Vista, a wholly-owned subsidiary of Fifth Third, to provide the settlement services, such as title insurance, associated with the refinancing.[8] Toldy accepted the referral and purchased settlement services for his refinancing from Vista.[9]

Toldy subsequently brought suit against Fifth Third and Vista, alleging that Fifth Third's referral of Toldy's settlement service business to Vista isolated RESPA. Specifically, Toldy claimed that this referral was done under an agreement or understanding between the two companies whereby Vista paid a kickback or thing of value to Fifth Third – here, Vista's dividend payment to its corporate parent – to obtain referrals from Fifth Third for providing settlement services required in its closing of residential real estate loans.[10]

---

[6] ECF # 48.

[7] *Id*. at 2 (citations to the record omitted). All subsequent citations to the Court's opinion setting forth the basis for denying the defendants' motion for summary judgment will omit the internal citations to the case record.

[8] *Id*. at 2-3.

[9] *Id*. at 3.

[10] *Id*.

In addition, as this Court noted,[11] Toldy's complaint also alleges that Vista is a sham provider of settlement services, and that the defendants do not satisfy the three-part safe harbor provision for "affiliated business arrangements" (ABAs) set forth in Section 8(c) of RESPA.[12]

**B.    The motion to certify a class**

Following this Court's denial of the defendants' motion for summary judgment,[13] Toldy, as noted, moved to certify this case as a class action.[14] Essentially, in his brief in support of the motion to certify,[15] Toldy argues that all prerequisites for class certification exist, that two core issues in the case, purportedly common to his claim and those of prospective class members, predominate: (1) whether the affiliated business arrangement between Fifth Third and Vista violates RESPA; and (2) if so, whether the safe harbor provision is applicable and a class is the superior method to adjudicate this controversy.[16]

To that end, Toldy proposes that the class here be defined as follows:

All borrowers who, on or after February 19, 2008, closed on a federally related residential mortgage loan originated by Fifth Third Mortgage Company or Fifth Third Mortgage-MI, LLC, in connection with which the borrower paid

---

[11] ECF # 48.

[12] *Id.* at 2-3.

[13] *See*, *id.* at 31.

[14] ECF # 57.

[15] ECF # 57-1.

[16] *Id.* at 5.

-3-

Defendant Vista Settlement Services, LLC for real estate settlement services. Excluded from the Class are employees, officers and directors of Defendants and their subsidiaries and affiliates.[17]

The defendants, without conceding the existence of the prerequisites for class certification, take issue with Toldy's arguments as to predominance and superiority.[18]

## Analysis

**A.    The Analytical framework**

**1.    Class certification generally**

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure provides that "[w]hen a person sues ... as a representative of a class, the court must – at an early practicable time – determine by order whether to certify the action as a class action." The party moving to certify a class has the burden of proof.[19] The district court has broad discretion in determining whether to certify the class.[20] The court's decision, however, must be founded in a "rigorous analysis" of the class certification requirements of Rule 23.[21]

---

[17] *Id*. at 6.

[18] ECF # 63 generally.

[19] *In re American Medical Syss.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *Pettrey v. Enterprise Title Agency*, 241 F.R.D. 268, 273 (N.D. Ohio 2006).

[20] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *Reeb v. Ohio Dept. of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006).

[21] *General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982).

To that end, class certification under Rule 23 requires that the plaintiff satisfy first all of the provisions of Rule 23(a) and second at least one of the requirements of Rule 23(b).[22] If the court concludes that a plaintiff does not satisfy any of the provisions of Rule 23(b), the motion to certify must fail, and the court need not address the Rule 23(a) factors.[23]

In conducting its analysis of the motion to certify, the court should not decide the merits of the underlying claim.[24] However, as this Court noted in *Pettrey v. Enterprise Title Agency*, the class certification decision "cannot be made in a vacuum."[25] Accordingly, as the Supreme Court teaches, the class certification inquiry "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."[26] Thus, while the court should accept as true the allegations of the complaint[27] in adjudicating the motion, it will likely be necessary to "probe behind the pleadings."[28]

---

[22] *Amchem Products v. Windsor*, 521 U.S. 591, 614 (1997); *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003).

[23] *Carter v. Welles-Bowen Real Estate*, 2010 WL 908464, at *2 n.1 (N.D. Ohio March 11, 2010) (*Carter* I).

[24] *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

[25] *Pettrey*, 241 F.R.D. at 273.

[26] *General Telephone*, 457 U.S. at 160 (citations omitted).

[27] *Pettrey*, 241 F.R.D. at 273 (citation omitted).

[28] *General Telephone*, 457 U.S. at 160.

**2.      Federal Rule of Civil Procedure 23(b) requirements**

As noted, certification requires that the plaintiff satisfy all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). Initially, as Toldy observes,[29] the defendants have not contested Toldy's assertion that he meets the requirements of Rule 23(a).

In addition, a review of the defendants' arguments and the plaintiff's claim discloses that neither Rule 23(b)(1)[30] nor (b)(2)[31] apply here. Specifically, Rule 23(b)(1)(A) does not apply in circumstances, such as here, where the only inconsistent result from individual litigation would be that some class members receive damages while others do not.[32] Similarly, as the Sixth Circuit has explained, Rule 23(b)(1)(B) is limited to cases, unlike here, where there is a "fixed fund in the traditional sense: a fixed resource, such as a mineral

---

[29] *See*, ECF # 67 at 1. Defendants "do not contend that Plaintiff has failed to satisfy any of the requirements of Civil Rule 23(a)."

[30] Under Rule 23(b)(1), class certification is appropriate if all four requirements of Rule 23(a) are met and: "(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."

[31] Rule 23(b)(2) permits class certification where the requirements of Rule 23(a) are met and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

[32] *Pettrey*, 241 F.R.D. at 282 (citations omitted).

deposit, or a fixed amount of money, such as a trust."[33] Moreover, Rule 23(b)(2) also does not apply here, since Toldy is not seeking injunctive or declaratory relief.[34]

Because no dispute exists about Toldy satisfying the elements of Rule 23(a) and neither Rule 23(b)(1) nor (b)(2) apply here, class certification will depend upon whether Toldy can establish the two elements of Rule 23(b)(3): first, that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members;" and second, "that a class action is superior to other available means for the fair and efficient adjudication of the controversy." In that regard, I will set forth the relevant law as to the (1) predominance and (2) superiority components of Rule 23(b)(3).

## a.  *Predominance*

As this Court stated in *Chesner v. Stewart Title Guaranty Company*,[35] "[t]he predominance inquiry tests 'whether the proposed classes are sufficiently cohesive to warrant adjudication by representation.'"[36] In particular, this element is satisfied when the issues in the matter that are subject to generalized or common proof predominate over the issues

---

[33] *In re Telectronics Pacing Syss.*, 221 F.3d 870, 877 (6th Cir. 2000).

[34] *Pettrey*, 241 F.R.D. at 282 (citations omitted).

[35] *Chesner v. Stewart Title Guar. Co.*, 2008 WL 553773 (N.D. Ohio Jan. 23, 2008).

[36] *Id.*, at *11, quoting *Amchem Prods.*, 521 U.S. at 623.

subject to individualized proof.[37] Stated differently, as Judge Polster noted in *Gawry* v. Countrywide Home Loans:

> A claim will satisfy the predominance requirement for class certification where common evidence exists that proves or disproves an element on a simultaneous, class-wide basis, thus obviating examination of each class member's individualized position."[38]

### b. *Superiority*

Rule 23(b)(3) itself sets forth several non-exclusive factors "pertinent" to determining whether certification of a class is superior to other available means for adjudicating the claim at issue:

(A) the interest of class members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum;

(D) the difficulties likely to be encountered in the management of a class action.

As to "superiority," courts in this District have concluded, based on the Sixth Circuit's teaching in *Coleman v. General Motors Acceptance Corp*.,[39] that, because RESPA permits

---

[37] *Gawry v. Countrywide Home Loans*, 640 F. Supp. 2d 942, 951 (N.D. Ohio 2009) (citation omitted).

[38] *Id*. (citation omitted); *see also*, *Beattie v. CenturyTel*, 511 F.3d 554, 566 (6th Cir. 2007) (predominance requirement satisfied where common evidence could establish defendant's liability on a class-wide basis).

[39] *Coleman v. General Motors Acceptance Corp.,* 296 F.3d 443, 449 (6th Cir. 2002).

a court to award attorney's fees and costs to a successful plaintiff, the statute provides "adequate incentive for individual plaintiffs to bring these type of claims," and, therefore, "a class action is not the 'best method for trying the suit.'"[40]

**B.     Toldy's arguments for class certification**

Toldy maintains that the proposed class satisfies both requirements of Rule 23(b)(3), which are that: (1) common questions of fact and law predominate over matters concerning only individuals [the "predominance" element]; and (2) a class action be superior to other available means for the fair and efficient adjudication of the controversy [the "superiority" element].[41]

*1.    Predominance*

As to the issue of whether common issues of fact and law predominate, Toldy contends that the test is whether "a common question is at the heart of the litigation."[42] In particular, Toldy asserts that where, as here, a defendant engages in a common course of conduct in dealing with the putative class of plaintiffs, such common conduct satisfies the predominance requirement.[43]

---

[40] *Carter*, 2010 WL 908464, at *2 (citing *Coleman*, 296 F.3d at 449) (quoting *Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993)); *accord, Pettrey*, 241 F.R.D. at 284.

[41] *Id*. at 13.

[42] *Id*.

[43] *Id*. at 14.

Toldy points to the "standardized nature of the loan transactions" at issue as evidence of common conduct by the defendants.[44] Specifically, he argues that the use of common, standardized forms in these loans is an issue capable of common proof, as is whether Vista was a sham service provider under HUD's ten-part test.[45]

## 2. *Superiority*

As to the requirement that a class action be shown to be superior, Toldy makes three basic arguments.

First, Toldy states that because the individual claims at issue are small, with damages in each case unlikely to exceed a thousand dollars, it is unlikely that many claimants will bear the cost of initiating their own suit for such a small potential recovery.[46] Second, he argues that a class action would serve the interests of judicial economy by not "needlessly clog[ging] the docket of this Court" with "thousands of individual actions."[47] Third, Toldy contends that because the defendants possess computerized records on each borrower and transaction, the proposed class would be manageable, with any individual details associated with distribution of relief capable of management in a post-judgment claims administration process.[48]

---

[44] *Id.*

[45] *Id.* at 15.

[46] *Id.* at 17.

[47] *Id.*

[48] *Id.* at 18-19.

**C. Opposition to motion to certify**

The defendants have filed a motion in opposition to Toldy's motion to certify.[49] Essentially, the defendants appear not to directly make any arguments concerning the four elements of Rule 23(a), but dispute Toldy's arguments as to the two criteria for class certification set forth in Rule 23(b). Specifically, the defendants contend, based on prior decisions of this Court (1) that individual, not common, questions predominate, and (2) that a class action is not a superior means of adjudicating these claims.

*1. Predominance of individual issues*

The defendants raise three basic arguments as to the predominance of individual issues over common issues.

First, the defendants contend that contrary to Toldy's assertions, the core issue of whether a loan is covered by the RESPA statute cannot be determined from the defendants' files and will require individual proof as to the representations and disclosures actually made to each borrower.[50] To that end, the defendants argue that whether RESPA applies to a loan depends on whether the loan was primarily for personal, family, or household purposes; a

---

[49] ECF # 63. The defendants also moved for leave to file a sur-reply brief (ECF # 73), which motion was opposed by Toldy (ECF # 75) not accepted for filing (s*ee*, non-document order of April 7, 2011). Thus, the defendants' arguments considered here are those in its motion in opposition to the motion to certify and do not include those sought to be raised in the proposed sur-reply brief.

[50] ECF # 63 at 5-6.

fact which is not apparent in the loan files and would, instead, require "individualized evidence concerning each loan transaction."[51]

In fact, the defendants maintain, the Court cannot assume that RESPA applies to the loans here simply because they are federally-related mortgage loans but, rather, making the critical finding of RESPA application to each loan "would overwhelm the Court with individualized issues" that could not be decided on a class-wide basis.[52] The defendants argue that regardless of which test is employed to ascertain a loan's primary purpose, the effect here would be to inquire into each borrower's personal motive and use of the loan proceeds, thus requiring "fact-intensive mini-trials" where individual issues predominate over common class issues.[53]

In that regard, the defendants contend that because their computer data systems do not show the purpose for which a residence was refinanced, establishing that a loan was consumer in nature, and thus subject to RESPA, cannot be accomplished without extensive, individual fact-finding.[54]

Second, the defendants assert that proving the presence of a RESPA violation – *i.e.*, whether a "referral" occurred here, whether a thing of value was exchanged for the referral, and that the safe harbor conditions were not met – would require individualized proof. In

---

[51] *Id*. at 7.

[52] *Id*. at 10.

[53] *Id*. at 11.

[54] *Id*. at 16-17.

particular, the defendants assert that proof would be needed as to the existence and nature of thousands of referrals, the efficacy of any disclosures made to each buyer, and how those disclosures influenced the borrower's decision to select Vista for title services.[55]

The defendants contend that proof of a referral here cannot rest on the mere presence of a form document presenting Vista as a title services provider. The defendants point out that nearly half of the borrowers who received the same form document as Toldy chose a different title services provider than Vista.[56] Next, should Toldy seek to establish the presence of a referral other than by reference to the document instead by showing that the defendants engaged in conduct or action that the effect of "affirmatively influencing" the borrower's choice of a title services provider, the Court must then entertain evidence of what occurred in each transaction that affirmatively influenced the borrower's ultimate choice.[57]

Third, the defendants argue that this Court cannot determine whether Vista was a "sham" provider of settlement services without individualized proof.[58] Essentially, the defendants contend that, even if this Court uses the HUD ten-part test for whether an ABA is a *bona fide* provider of services or a sham – a test recently found unconstitutional by

---

[55] *Id*. at 20-21.

[56] *Id*. at 22-23.

[57] *Id*. at 23.

[58] *Id*. at 29.

another court in this district[59] – application of that test would necessarily require individual inquiries as to what services were actually provided in each loan and then whether the fee charges was reasonably related to those services.[60]

*2. Class treatment is not superior*

In addition to opposing a finding that class issues predominate over individual issues, the defendants maintain that a class action in this instance would not be a superior means for adjudicating the dispute.

The defendants assert that because RESPA permits the prevailing party to recover attorney's fees and costs, as well as to receive treble damages, the primary justification for class action is absent.[61] In that regard, the defendants cite to multiple decisions of other courts in this district finding that class certification was not superior to individual litigation because of RESPA's fee-shifting and treble damages provisions.[62]

**D. Toldy's motion to certify should be denied**

Addressing Toldy's motion in light of the above standards, I now note again that the issue here concerning class certification is limited to whether Toldy can satisfy either the "predominance" or the "superiority" requirement of Rule 23(b)(3).

---

[59] *Id.*, citing *Carter v. Welles-Bowen Realty*, 2010 WL 2607266, at *7 (N.D. Ohio June 30, 2010) (*Carter* II).

[60] *Id.* at 31.

[61] *Id.* at 32.

[62] *Id.* at 33-34.

As to the "superiority" inquiry, I recommend finding that the reasoning of the Sixth Circuit in *Coleman v. General Motors Acceptance Corporation*, as applied to RESPA by *Carter v. Welles-Bowen Real Estate* and *Pettrey v. Enterprise Title Agency*, remains persuasive. Because the RESPA statute is so written to allow individual litigants, even those with small claims, to fully recover attorney's fees and costs, plus treble proven damages, the Sixth Circuit teaches that "the primary justification for class treatment ... is largely absent."[63] Notwithstanding Toldy's argument to the contrary, both *Carter* and *Pettrey* concluded, based on the logic stated above, that a class action would not be superior in the context of RESPA. Accordingly, based on that authority, I recommend finding that Toldy has not shown that class certification here would be a superior method of adjudicating his claim and those of the proposed class members.

Further, as regards the "predominance" element of Rule 23(b)(3), I note first that both the courts in *Carter* and *Pettrey*, as well as more recently, Judge Nugent in *Wyman v. Park View Federal Savings Bank*,[64] have concluded that common questions of law and fact do not predominate over individual issues in similar proposed class actions under RESPA.

---

[63] *Carter*, 2010 WL 908464, at *2 (quoting *Coleman*, 296 F.3d at 449). Indeed, as noted by the defendants (ECF # 63 at 34), *Carter* goes so far as to state that the terms of the RESPA statute "preclude" a finding that a class action is superior. *Carter*, 2010 WL 908464, at *2.

[64] *Wyman v. Park View Federal Savings Bank*, Case No. 1:09-cv-01851 (N.D. Ohio June 14, 2010).

Here, the defendants first assert that because RESPA applies only to loans made "primarily" for "personal, family, or household purposes," an individual inquiry into each loan's primary purpose will be necessary to establish that is covered by RESPA despite the fact that the loan is a federally-related mortgage loan secured by residential real estate.[65] They argue that, no matter what method is employed to determine each loan's primary purpose, "each approach requires fact-intensive mini-trials" that defeat a finding that common issues predominate over individual ones.[66]

Plaintiff Toldy concedes that although an individual determination of each loan's primary purpose must occur, he contends that such a determination can take place during the claims process by "asking class claimants a series of objective questions" concerning the actual primary purpose of each claimant's loan.[67] Because, Toldy argues, these inquiries involve "a simple question of whether the borrower used the loan for [non-RESPA] purposes," the facts establishing RESPA coverage can be accomplished "without contentious 'mini-trials'" and consistent with a class action where common issues predominate over individual issues.[68]

---

[65] ECF # 63 at 6-11.

[66] *Id.* at 11.

[67] ECF # 67 at 18.

[68] *Id.* at 19.

I recommend finding that the defendants' assessment of the predominance question is most persuasive, and most consistent with prior decisions of courts in this District.[69] While Toldy seeks to minimize the difficulty of ascertaining each loan's primary purpose, averring that it would be a simple inquiry not requiring the court's involvement as fact finder, it remains true that establishing RESPA coverage is a necessary precondition to recovery[70] and that coverage is a fact question often contested. As demonstrated by the case of *Hinchliffe v. Option One Mortgage Corp.*,[71] a borrower may claim – as would be the case with Toldy's plan – that the loan on his residence was primarily for his personal use and so covered by RESPA, only to have that claim disputed by the lender and later denied in a motion for summary judgment, ruled on by the court, that relied on proof (the deposition testimony of his wife) that the proceeds of the loan were actually used primarily "'so he [could] operate his business.'"[72]

Based on the clear applicability of the cautionary example of *Hinchliffe*, I recommend concluding, as did the courts in *Pettrey* and *Carter*, that the threshold issue of RESPA coverage for the proposed class here is necessarily in every case an individualized inquiry

---

[69] *See*, *Pettrey,* 241 F.R.D. at 284 ("The Court will also have to determine on an individual basis whether a particular class member is even covered by RESPA."); *Carter*, 2010 WL 908464, at *3 ("Plaintiffs' claims nevertheless involve substantial individualized issues.... For example, a finder of fact would have to determine whether each class member had a federally related mortgage loan covered by RESPA.").

[70] *See*, ECF # 63 at 10 n.4 (collecting cases).

[71] *Hinchliffe v. Option One Mortgage Corp.*, 2009 WL 1708007 (E.D. Pa. 2009).

[72] *Id.*, at *4 (quoting deposition testimony of Yong Sun Hinchliffe).

and that those individual determinations cannot be handled outside of the defendants' right to contest each assertion of RESPA coverage and the Court's responsibility to finally adjudicate that claim. As such, I recommend finding that individual issues do not predominate over common ones under the standard set forth in Rule 23(b)(3).

## Conclusion

For the foregoing reasons, I recommend denying Stephen Toldy's motion to certify a class.

Dated: May 24, 2011
s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[73]

---

[73] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).