IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHEN S. TOLDY, | CASE NO. 1:09 CV 377 |
| Plaintiff, | <u>MEMORANDUM AND ORDER</u> <u>DENYING PLAINTIFF'S OBJECTIONS,</u> |
| -vs- | <u>ADOPTING REPORT AND</u> <u>RECOMMENDATION, AND DENYING</u> <u>PLAINTIFF'S MOTION FOR CLASS</u> |
| FIFTH THIRD MORTGAGE COMPANY, et al., | <u>CERTIFICATION</u> |
| Defendants. | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff Stephen Toldy ("Mr. Toldy") seeks class certification in this action alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et. seq. ("RESPA"), against Defendants Fifth Third Mortgage Company ("Fifth Third Mortgage") and Vista Settlement Services LLC ("Vista"). (Doc. 57). In 2008, Fifth Third Mortgage refinanced a residential mortgage loan for Mr. Toldy and, in so doing, referred the Plaintiff to Vista, a wholly-owned subsidiary of Fifth Third Mortgage, to conduct settlement services required of the refinancing contract. Between Fifth Third Mortgage and Vista Settlement, Mr. Toldy seeks to enforce the RESPA prohibition against affiliated entity fee provisions, pursuant to 12 U.S.C. § 2607(a).

This matter was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation ("R&R") on the question of class certification. (Doc. 74).

Page 1 of 8

Relying upon the record evidence and the weight of applicable case law, Magistrate Judge Baughman advised that Mr. Toldy's pursuit of class certification failed to satisfy either the "predominance" or the "superiority" requirement of Fed. R. Civ. P. 23(b)(3). (Doc. 76, pp. 14-16). Rule 23(b)(3) allows certification only if "questions of law or fact common to the class predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

After a *de novo* review of Mr. Toldy's objections in response to the R&R, this Court adopts Magistrate Judge Baughman's recommended conclusions for the reasons set forth below. See 28 U.S.C. § 636(b)(1)(C).

In addition to the numerosity, commonality, typicality and adequacy prerequisites necessary under Rule 23(a) for all class actions, in order to permit a damages class action under Rule 23(b)(3), the court must find that common questions predominate and that a class action is a superior way to resolve the controversy. To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof. Beattie v. CenturyTel, Inc., 511 F.3d 554, 564 (6th Cir. 2007). "The predominance requirement of subdivision (b)(3) is 'far more demanding' than the 'commonality' requirement of subdivision (a)." In re The Hartford Sales Practices Litig., 192 F.R.D. 592, 604 (D. Minn. 1999) (quoting Amchem Prods. v. Windsor, 521 U.S. 591, 623–24 (1997). The predominance inquiry tests whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." Amchem Prods., 521 U.S. at 623. There is "no bright-line boundary" for determining

predominance, Hartford Sales, 192 F.R.D. at 604, and the predominance inquiry requires "a pragmatic assessment of the entire action and of all the issues involved." 5 Moore's Federal Practice § 23.46[1].

To determine whether a class action is the superior method for fair and efficient adjudication, the district court should consider the difficulties of managing a class action. Beattie, 511 F.3d at 567. With regard to the superiority requirement, Courts consider the difficulties of managing a class action and compare other means of disposing of the suit to determine if a class action "is sufficiently effective to justify the expenditure of the judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court." 7AA Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1779 (3d ed. 2010); see also 2 William B. Rubenstein, Alba Conte, & Herbert B. Newberg, Newberg on Class Actions § 4:27 (4th ed. 2010) (identifying possible alternatives to the class action device such as "joinder, intervention, consolidation, a test case, and an administrative proceeding"). Central to this RESPA action, courts also consider the value of individual damage awards, as small awards weigh in favor of class suits. Beattie, 511 F.3d at 567; see also Amchem, 521 U.S. at 616 (explaining that when individual class members have large stakes in the outcome and the ability to pursue a remedy alone, their individual interests weigh against a Rule 23(b)(3) action).

Rule 23(b)(3) is designed to "'achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Amchem Prod., Inc. v.

Page 3 of 8

Windsor, 521 U.S. 591, 615 (quoting Fed.R.Civ.P. 23 Advisory Committee Notes).

In this instance, Mr. Toldy proposes a putative class of:

> All borrowers who, on or after February 19, 2008, closed on a federally related residential mortgage loan originated by Fifth Third Mortgage or Fifth Third Mortgage–MI, LLC, in connection with which the borrower paid Defendant Vista Settlement Services, LLC for real estate settlement services. Excluded from the Class are employees, officers and directors of Defendants and their subsidiaries and affiliates.

(Doc. 57, Plaintiff's Motion to Certify Class). Mr. Toldy represents the class as quite large, noting that Fifth Third Mortgage referred 22,000 borrowers to Vista in the 2008 calendar year alone. Id.

This Court's *de novo* inquiry is limited to the question of whether the putative class so defined meets the predominance and superiority requirements of Rule 23(b)(3). That is, whether questions of law or fact common to class members predominate over any questions affecting only individual members, and whether a class action provides the superior vehicle for addressing the Plaintiff's RESPA allegations.

Turning first to the question of whether class certification in this instance provides a method superior to individual adjudication, the Court concludes that it does not. See Coleman v. General Motors Acceptance Corp., 296 F.3d 443, 449 (6th Cir. 2002); Pettrey v. Enterprise Title Agency, 241 F.R.D. 268, 284 (N.D. Ohio 2006) (finding class treatment is not the superior method of resolving RESPA cases); Carter v. Welles-Bowen Realty, Inc., 2010 WL 908464, *2-3 (N.D. Ohio 11 March 2010) (finding a "class action is not the 'best method of trying [a RESPA] suit.'" quoting Mayer v. Mylod, 988 F.2d 635 (6th Cir. 1993)). The RESPA statute provides individual litigants the opportunity to fully recover attorney fees and costs, as well as recovery of treble

damages. As this Circuit has observed in the context of a request for class certification in a suit involving the Equal Credit Opportunity Act, "the primary justification for class treatment . . . is largely absent [in an instance where the statute has] provision for the award of attorney's fees and costs to successful plaintiffs eliminates any potential financial bar to pursuing individual claims." Coleman v. General Motors Acceptance Corp., 296 F.3d at 449. The presence of the fee-shifting and treble damages provisions contained in RESPA have compelled a number of courts outside this Circuit to preclude a finding of superiority under Rule 23(b)(3). See Carter v. Welles-Bowen Realty, Inc., 2010 WL 908464 at *2 (collecting cases).

Despite Mr. Toldy's objections (Doc. 77, pp. 4-11) to Magistrate Judge Baughman's recommendation denying the superiority of a RESPA class action in this instance, the Courts in this Circuit have uniformly found that the RESPA statute's financial provisions bar a finding of superiority under Rule 23(b)(3). Mr. Toldy has not met his burden of demonstrating that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds persuasive the conclusion in Carter that the Plaintiffs "failed to demonstrate that class action is the superior method for resolving [the RESPA] dispute . . . in light of the incentives for private actions" provided by the fee-shifting and treble damages recovery sections of RESPA. See §§ 8(d)(2) and 8(d)(5) of RESPA, 12 U.S.C. 2607. The steep hill Mr. Toldy needs to climb to show that a class action is superior to another method of adjudication in this RESPA context becomes insurmountable where, as here, individual issues further threaten to overwhelm the litigation.

In turning to the question of predominance, the Court determines through *de novo* review that the individual issues evident in this matter fatally undermine a finding that class cohesion is sufficient to warrant adjudication by representation. The arc of this case is discussed in detail in this Court's 29 June 2010 Memorandum of Opinion and Order Denying the Defendants' Motion for summary Judgment (Doc. 48, pp. 2-9). However, the gist of the suit, as it pertains to class certification, involves Mr. Toldy's allegation that Defendants violated §8(a) of RESPA, which prohibits the payment of kickbacks, fees, or any thing of value for the referral of "a real estate settlement service involving a federally related mortgage loan." 12 U.S.C. § 2607(a).

Plaintiff shoulders the burden of proving that each loan referred to Vista was covered by RESPA as a "federally related mortgage loan." See Hinchliffe v. Option One Mortg. Corp., 2009 WL 1708007, *3 (E.D. Pa. 2009). RESPA, however, has coverage limits and does not apply to credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes. 12 U.S.C. § 2606(a)(1). Accordingly, whether a putative class member's loan garners RESPA coverage cannot be known short of a case by case analysis. Further, despite Mr. Toldy's objections, establishing coverage cannot be deferred until a claims-administration process conducted after trial as the question of coverage is a central element bearing on liability. (Doc. 77, pp. 13-15).

As one Court has noted, the analysis bearing on RESPA coverage requires an examination of:

> [1] The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.

[2] The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.

[3] The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.

[4] The size of the transaction. The larger the transaction, the more likely it is to be business purpose.

[5] The borrower's statement of purpose for the loan.

Daniels v. SCME Mortgage Bankers, Inc., 680 F.Supp.2d 1126, 1129 (C.D. Cal. 2010) citing Thorns v. Sundance Properties, 726 F.2d 1417, 1419 (9th Cir. 1984) (quoting 12 C.F.R. § 226 Supp.1, § 226.3(a)(2)(1983)). Accord Hinchliffe v. Option One Mortg. Corp., 2009 WL 1708007, at *3 ("In order to determine whether the loan was primarily personal or commercial in nature, we must look at the entire transaction and determine the borrower's primary motive for seeking the loan.")

In this instance, the record indicates that the Defendants approved loans that are not subject to RESPA, that the Defendants' loan files cannot determine whether RESPA applies in any given context and,[1] that the putative class includes refinance and cash-out transactions. Magistrate Judge Baughman observed that under such conditions, the core liability element of RESPA coverage will require discovery and an opportunity for cross-examination to establish a sufficient factual record. (Doc. 76, pp. 17-18).

---

[1]Mr. Toldy's argument, that RESPA coverage should be assumed because the Defendants' records are not adequate to answer the question of which loans fall under RESPA, is untenable. (Doc. 77, fn. 9). Defendants are not obligated to maintain evidence of a borrower's subjective motivation for obtaining a loan. See Hinchliffe v. Option One Mortg. Corp. 2009 WL 1708007, fn. 17.

Upon review of the record and the law, this Court concurs with the R&R, and finds nothing in Mr. Toldy's objections to disturb the conclusion that the Plaintiff failed to establish that common questions predominate over the need for individualized inquiry on the issue of which loans are favored with RESPA coverage. While it may be the case, as Mr. Toldy observes, that many transactions within the putative class might garner RESPA coverage, this observation does not obviate the need by the Court to determine, on an individual basis, which of those loans are indeed covered. (Doc. 77, p.19). This Court's assessment of the entire action and of all the issues involved leads it to conclude that common questions do not predominate on the central issue of RESPA coverage.

Accordingly, after a *de novo* review of the objections briefed by Mr. Toldy, the Court adopts Magistrate Judge Baughman's Report and Recommendation. Mr. Toldy's motion for class certification pursuant to Rule 23 is denied.

IT IS SO ORDERED.

       /s/Lesley Wells
   UNITED STATES DISTRICT JUDGE

Date: 30 September 2011